IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| **CEDRIC DIXON #511099,** | ) | |
| | ) | |
| Plaintiff, | ) | No. 3:15-cv-00547 |
| | ) | |
| v. | ) | CHIEF JUDGE SHARP |
| | ) | |
| **STATE OF TENNESSEE, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM**

Plaintiff Cedric Dixon, a pretrial detainee in the custody of the Davidson County Sheriff's Office, brings this *pro se* civil rights action under 42 U.S.C. § 1983. The complaint is before the court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, and 42 U.S.C. § 1997e.

**I.      Standard of Review**

Under the PLRA, the Court must conduct an initial review of any civil complaint filed in forma pauperis, 28 U.S.C. § 1915(e)(2), or brought by a prisoner-plaintiff against government entities or officials, 28 U.S.C. § 1915A, or challenging the conditions of confinement, 42 U.S.C. § 1997e(c). Upon conducting this review, the Court must dismiss the complaint, or any portion thereof, that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A; 42 U.S.C. § 1997e(c). The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), governs dismissals for failure to state a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

In reviewing the complaint to determine whether it states a plausible claim, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). A *pro se* pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). *Pro se* status, however, does not exempt a plaintiff from compliance with relevant rules of procedural and substantive law. *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) ("Neither [the Supreme] Court nor other courts . . . have been willing to abrogate basic pleading essentials in pro se suits."); *see also Brown v. Matauszak*, 415 F. App'x 608, at *5 (6th Cir. Jan. 31, 2011) (affirming dismissal of pro se complaint for failure to comply with "unique pleading requirements" and stating, "a court cannot create a claim which [a plaintiff] has not spelled out in his pleading") (citation and internal quotation marks omitted).

II.  **Factual Allegations**

The plaintiff is being prosecuted in state court for seven counts of criminal offenses related to sex trafficking, promoting prostitution, money laundering and drugs. (Docket Entry No. 1-1.) The gist of his lawsuit is that his constitutional rights are being violated in the course of criminal proceedings against him, including allegations that: he is being prosecuted because he is black, while white people are not prosecuted for the same crimes; he was subjected to an illegal search and seizure; proper procedures have not been followed in his indictment and prosecution; he has not been allowed to represent himself and file motions on his own behalf;

his appointed attorney refuses to follow his instructions; and he is innocent of the charges against him. As defendants, he names Steve Dozier, the judge presiding over his criminal case, Richard Rooker, the clerk of the court in which his criminal charges are pending, Elaine Heard, his appointed public defender, and the State of Tennessee, which he alleges is responsible for all the individual defendants' actions. Plaintiff seeks injunctive relief including the dismissal of the criminal charges against him, and damages in the amount of $1 Million.

## III. Analysis

The plaintiff brings suit under 42 U.S.C. § 1983 to vindicate alleged violations of his federal constitutional rights. Section 1983 confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012). Thus, to state a § 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that "the deprivation was caused by a person acting under color of state law." *Tahfs v. Proctor*, 316 F. 3d 584, 590 (6th Cir. 2003) (citations omitted); 42 U.S.C. § 1983.

The plaintiff's claims in this case relate directly to the validity of the procedures employed in his criminal prosecution and may not proceed under § 1983 while the criminal charges are pending against him. The law is well established that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement ... even though such a claim may come within the literal terms of § 1983." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 488-90 (1973)). Because *Heck*'s bar to civil suits only arises upon conviction, the Court would ordinarily follow the "common practice" and stay this action pending the resolution of the plaintiff's criminal prosecution. *See Wallace v. Kato*, 549 U.S. 384, 393--94 (2007). That is not necessary,

3

however, because the plaintiff's lawsuit warrants dismissal regardless of whether *Heck* will ultimately apply.

The plaintiff's allegations in this case, taken as true for the purpose of this review, fail to state a claim under § 1983 against any of the named defendants. The plaintiff's claim against the State of Tennessee must be dismissed because the state is immune from suit under the Eleventh Amendment to the United States Constitution. *Quern v. Jordan*, 440 U.S. 332, 334–45 (1975). Judge Dozier is absolutely immune from suit for damages under § 1983 for actions taken in his judicial capacity and with proper jurisdiction, *Mireles v. Waco*, 502 U.S. 9, 10-11 (1991), and 42 U.S.C. § 1983 expressly provides that, except for circumstances not present in this case, "injunctive relief shall not be granted" "against a judicial officer for an act or omission taken in such officer's judicial capacity." Defendant Heard, the public defender appointed to represent the plaintiff in his criminal case, "does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County v. Dodson*, 454 U.S. 312, 325 (1981). And Defendant Rooker is entitled to quasi-judicial immunity for his judicial actions as court clerk. *See, e.g., Foster v. Walsh*, 864 F.2d 416, 417 (6th Cir.1988) (per curiam); *Freeman v. Gay*, No. 3:11-0867, 2012 WL 2061557 at *17 (M.D. Tenn. June 7, 2012) (citing *Foster* for the proposition that actions taken by court clerks in performance of judicial functions are protected by quasi-judicial immunity); *Yarbrough v. Garret*, 579 F.Supp.2d 856, 873–74 (E.D. Mich.2008) (referencing *Foster* numerous times in extending quasi-judicial immunity to court clerk for claims alleging failure to respond to plaintiff prisoner's transcript requests); *Sampson v. City of Xenia*, 108 F.Supp.2d 821, 829 (S.D. Ohio 1999) (relying on *Foster* in finding that defendant court clerk had quasi-judicial immunity in suit arising out of the alleged failure to "ensure that [plaintiff's] papers reached the ... jail"); *Baze v. Jump*, No. 3:10-22-DCR, 2010 WL 1872879 at *2 (E.D. Ky. May 7, 2010) (applying quasi-judicial immunity to court clerk in Section 1983 suit alleging failure to accept the plaintiff prisoner's

4

motions); *Borden v. Raley*, 2008 WL 2038903 at *4 (W.D. Ky. May 12, 2008) (not reported) (relying on *Foster* in holding that defendant court clerk had quasi-judicial immunity from plaintiff's Section 1983 claims alleging failure to promptly schedule hearings). The claims against all of the defendants must therefore be dismissed as a matter of law.

In addition to his generally procedural complaints about his prosecution, the plaintiff briefly mentions that he was injured when a Detective Taylor arrested him, seriously enough to require surgery. (Docket Entry No. 1, at 11.) The plaintiff does not name Taylor as a defendant to this action, and the Court notes that the plaintiff already has a case pending against Taylor for illegal search and seizure and excessive force. *See* No. 3:14-2396. Accordingly, the Court does not construe this passing allusion in the current complaint to be an attempt to bring a new claim against Taylor.

Finally, the plaintiff also accuses Detective Taylor of beating another individual. (Docket Entry No. 1, at 10.) The plaintiff cannot bring claims on behalf of a third party. *Corn v. Sparkman*, No. 95-5494, 1996 WL 185753 (6th Cir. Apr. 17, 1996) ("A prisoner cannot bring claims on behalf of other prisoners.... A prisoner must allege a personal loss and seek to vindicate a deprivation of his own constitutional rights.")

**IV. CONCLUSION**

For the reasons set forth above, this action will be DISMISSED with prejudice for failure to state a claim upon which relief can be granted. An appropriate Order is filed herewith.

Kevin H. Sharp

Kevin H. Sharp, Chief Judge
United States District Court